[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13906
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-80079-CV-WPD

PAULA JOHNSON,

Plaintiff-Appellant,

versus

OCWEN LOAN SERVICING,
1675 Palm Beach Lakes Boulevard
West Palm Beach, FL 33401
Successor in interest to Ocwen
Federal Bank, FSB; Registered Agent:
2711 Centerville Road, Suite 400,
Wilmington, DE 19808,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 15, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Paula Johnson, proceeding *pro se*, appeals the district court's dismissal of her amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Johnson argues that the district court erred in (1) dismissing her complaint for lack of subject matter jurisdiction, (2) failing to hold an evidentiary hearing on Ocwen Loan Servicing's ("Ocwen's") motion to dismiss, (3) denying her motions for recusal, (4) denying her motion for reconsideration, and (5) allowing Ocwen to charge her $600 to enter into a settlement agreement that Ocwen later rescinded. For the reasons set forth below, we affirm.

## I.

Johnson, proceeding *pro se*, filed a complaint against Ocwen alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; the Real Estate and Settlement Procedure Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/1, *et seq*; "violations under Mortgage Servicing Rights, and violations under the Office of Thrift Supervision, 12 C.F.R. §§ 560.1, *et seq.*"

Johnson asserted in her complaint that Ocwen had acquired a mortgage on

2

an East Saint Louis residence belonging to her mother who, in 1958, divorced her husband and changed her name to Ida Mae Parks. In 2003, and again in 2007, Parks transferred the East Saint Louis property to Johnson and Johnson's sister, Grace Christian Goss, via a quitclaim deed. Johnson contended that, when Ocwen acquired the mortgage, it

> immediately began failing to post payments, failing to acknowledge [the] name change of Ida Mae Johnson to Ida Mae Parks, refused to acknowledge [the] Quit Claim Deed, refused to acknowledge [the] Assumption Request for Paula Johnson and Grace Goss to assume the mortgage, changed the payment due date from the 15th to the 6th of each month, . . . and plac[ed] forced insurance on [the] property.

Ocwen filed a motion to dismiss Johnson's complaint under Fed.R.Civ.P. 12(b)(1), asserting that Johnson lacked standing to bring the lawsuit, because Johnson was not the debtor and had no legal obligation on the loan. Ocwen argued that Johnson lacked standing to bring suit under the FDCPA, RESPA, TILA, and the Illinois Consumer Fraud and Deceptive Business Practices Act, because she was not a "consumer" or "borrower" on the loan, and was not otherwise obligated on the loan.

Johnson filed a "motion for leave of court to resolve defendant's settlement proposal," in which she stated that she had paid Ocwen $600.00 in connection with a written settlement proposal. Ocwen responded that it had extended a written

3

settlement offer to Johnson, but the offer had not been accepted and had expired.

Johnson filed a subsequent "motion for leave of court to resolve defendant's settlement proposal," in which she requested 30 days in which to resolve a written settlement proposal. The court denied both of Johnson's motions, noting that Ocwen had informed the court that the settlement offer had expired.

Johnson then submitted an "affidavit," stating that she had not been notified that any settlement proposal had been withdrawn or denied, and that she paid Ocwen $600. She attached to the document a letter from Ocwen to Parks, which stated that Ocwen would agree to modify Parks's mortgage if it received a $600 down payment and Johnson and Parks signed a settlement and release agreement dismissing their claims against Ocwen. The letter stated that if Parks did not contact Ocwen to accept the offer by close of business on March 18, 2009, it would proceed with defending the action.

Johnson filed a motion in opposition to Ocwen's motion to dismiss, arguing that the court had jurisdiction to consider her claim because it involved a federal question, there was complete diversity between the parties, and the amount in controversy exceeded $75,000. Johnson attached to her motion a January 5, 2009 letter from Ocwen to Johnson, which stated that Ocwen had received Johnson's request for an assumption packet, but had determined, after review, that the loan

4

was not assumable.

Johnson filed a motion "to appear telephonically" and "to set pending matters for hearing," arguing that she was legally disabled, air flight travel expenses would create a financial hardship for her, and her communications and arguments would be brief.

The district court denied Johnson's motion to appear telephonically and to hold a hearing, finding that Ocwen's motion to dismiss did not require a hearing and that such a hearing would not be an "appropriate expenditure of the Court's time and resources."

The district court granted Ocwen's motion to dismiss, finding that Johnson failed to show the she had standing, because the statutes cited in her complaint protected specific groups of individuals, and Johnson was not a member of these groups. It dismissed Johnson's complaint with leave to file an amended complaint demonstrating standing.

Johnson filed an amended complaint, asserting that Ocwen violated §§ 805-809 and 812 of the FDCPA, § 6 of the RESPA, the TILA, and the Illinois Consumer Fraud and Deceptive Business Practices Act. She also contended that Ocwen committed "Mortgage Servicing Rights" violations by "refus[ing] to supply an annual statement outlining the duties that were performed." Johnson asserted

5

that Ocwen misapplied mortgage payments; charged bogus late fees and charges; prematurely launched foreclosure proceedings against homeowners; and forced high-cost homeowners insurance on borrowers despite receiving evidence that the borrowers already had insurance. She contended that Ocwen committed "office of thrift supervision violations" by "engag[ing] in false and misleading statements or omissions."

The district court dismissed Johnson's amended complaint. The court noted that Johnson's amended complaint failed to set forth facts showing that she had standing and failed to explain how Ocwen violated the cited statutes. It found that, because Johnson lacked standing, she failed to state a claim, and, therefore, the amended complaint was "due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)." The court dismissed Johnson's complaint with prejudice, finding that no additional attempts to amend her complaint were warranted.

After the dismissal, Johnson filed a motion for recusal, arguing that the presiding judge's denial of her request to appear telephonically and to hold a hearing violated the Americans with Disabilities Act, because it deprived her of meaningful access to the court.

The district court denied Johnson's motion for recusal, stating that its denial of Johnson's motion to appear telephonically was based on its determination that

no hearing was needed.

Johnson then filed a "tertiary recusal motion," asserting that the court was aware that Johnson and Parks were legally disabled and resided over a thousand miles away from the court, but nevertheless directed her and Parks "to appear in person at any and all proceedings," in violation of the Americans with Disabilities Act.

The district court denied Johnson's "tertiary motion for recusal," again noting that it denied Johnson's motion to appear telephonically because it did not find just cause to conduct a hearing on Ocwen's motion to dismiss.

Johnson filed a motion for reconsideration, pursuant to Fed.R.Civ.P. 60(b), stating that the district court abused its discretion in failing to refer her motions for recusal to another judge for resolution on the merits. She also asserted that Ocwen had misrepresented to the court that there was never a settlement proposal.

The court denied Johnson's motion for reconsideration, again noting that it did not hold a hearing because one was not needed. The court also noted that it was not aware of any requirement that it refer motions for recusal to another judge.

## II.

### *Dismissal of Complaint*

Under section 1915(e)(2)(B)(ii), a district court may dismiss a case filed *in*

7

*forma pauperis* at any time if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A plaintiff's complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Phillips v. Mashburn*, 746 F.2d 782, 784 (11th Cir. 1984).

Questions of standing are reviewed *de novo*. *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1228 (11th Cir. 2000). Standing involves both constitutional and prudential requirements. *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994). To satisfy Article III's case or controversy requirement, a plaintiff must demonstrate: (1) that she has suffered injury in fact; (2) that the injury is fairly traceable to the actions of the defendant; and (3) that the injury is likely to be redressed by a favorable decision. *Bennett v. Spear*, 520 U.S. 154, 162, 117 S.Ct. 1154, 1161, 137 L.Ed.2d 281 (1997). "Those who do not possess Art. III standing may not litigate as suitors in the courts of the United States." *Valley Forge Christian Coll. v. Americans United*, 454 U.S. 464, 475-76, 102 S.Ct. 752, 760, 70 L.Ed.2d 700 (1982).

The prudential limits on standing provide that: (1) the plaintiff must assert her own rights and interests and may not rely on the rights and interests of others; (2) the federal courts will not adjudicate "abstract questions of wide public

8

significance" amounting to "generalized grievances," which are more appropriately resolved by the legislative branches; and (3) the plaintiff's complaint must fall within the "zone of interests" to be protected by the statute in question.  *Id.*, 454 U.S. at 475, 102 S.Ct. at 760.  Although plaintiffs generally may assert only their own legal rights and interests, a plaintiff may bring an action on behalf of a third party if: (1) the plaintiff suffered an injury in fact so as to have a sufficient concrete interest in the case; (2) the plaintiff has a close relationship to the party; and (3) the third party faces an obstacle to protecting her own interests.  *Harris,* 20 F.3d at 1122.

Johnson's amended complaint fails to establish Article III standing, because Johnson was not a borrower or otherwise obligated on the Ocwen loan and, therefore, did not suffer an injury-in-fact.  *See Bennett*, 520 U.S. at 162, 117 S.Ct. at 1161; *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (explaining that plaintiff's complaint must allege, *inter alia*, "an injury in fact – a harm suffered by the plaintiff that is concrete and actual or imminent," to establish Article III standing).  In her complaint, Johnson asserts that Ocwen's conduct resulted in the following injuries: "fraudulent overcharges, fraudulent service, fraudulent late fees, fraudulent escrow fees, harassment, loss or destruction of borrower[']s insurance documents, placing

9

insurance on an insured property, loss or destruction of borrower[']s tax documents, loss or destruction of borrower[']s court documents." Although Parks may have suffered these injuries, Johnson herself did not, because she was not a party to the loan. In fact, Johnson admitted in her original complaint that her name was never added to the loan, and the supporting documents that she submitted to the court confirm this.

Johnson also failed to meet the prudential requirements for standing, because she failed to show that her complaint was within the "zone of interests" protected by the statutes she cited. *See Valley Forge*, 454 U.S. at 475, 102 S.Ct. at 760. The specific provisions of the FDCPA that Johnson cites in her amended complaint – §§ 805-09 and 812 – protect "consumers" from abusive debt collection practices and other deceptive actions taken by creditors. *See* 15 U.S.C. §§ 1692c-g, 1692j. Section 6 of the RESPA specifically provides that "[w]hoever fails to comply with any provision of this section shall be liable *to the borrower* for each such failure." 12 U.S.C. § 2605(f) (emphasis added). The TILA provides a "civil cause of action *by a consumer* against a creditor who fails to make the required disclosures." *Tower v. Moss*, 625 F.2d 1161 (11th Cir. 1980) (emphasis added); *see* 15 U.S.C. § 1640(a). Similarly, the Illinois Consumer Fraud and Deceptive Business Practices Act protects "consumers," meaning "any person who purchases or

contracts for the purchase of merchandise."  815 ILL. COMP. STAT. 505/1(e).

Accordingly, the district court did not err in finding that, because Johnson was not

a debtor or "consumer" of the loan, she was not protected by the statutes she cited

and, therefore, lacked standing.  Furthermore, Johnson was not entitled to bring an

action on Parks's behalf, because, although she is closely related to Parks, Johnson

failed to show that she suffered an injury in fact or that Parks faced an obstacle to

protecting her own interests.  *See Harris*, 20 F.3d at 1122.

As noted above, a plaintiff's complaint "should not be dismissed [under

section 1915(e)(2)(B)(ii)] unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief."

*Phillips v. Mashburn*, 746 F.2d 782, 784 (11th Cir. 1984).  Here, it was clear that

Johnson could prove no set of facts that would entitle her to relief, because she was

not a party to the Ocwen loan and, therefore, lacked standing to bring any claim

based on that loan.  In both her first and her amended complaint, the only claims

Johnson raised were based on the Ocwen loan.  Accordingly, the district court did

not err in dismissing Johnson's complaint under § 1915(e)(2)(B)(ii).

*Failure to Hold Hearing*

We review a district court's decision to rule on a motion to dismiss without

an evidentiary hearing for abuse of discretion.  *Sunseri v. Macro Cellular Partners*,

11

412 F.3d 1247, 1250 (11th Cir. 2005).  The district court has "broad discretion" in resolving jurisdictional issues and "may determine these issues by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."  *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 443 (5th Cir. 1979).

The district court did not abuse its discretion in denying Johnson's request for a hearing.  In her motion requesting a hearing, Johnson did not explain why a hearing should be held or what evidence she would present at such a hearing.  Furthermore, because Johnson's complaint clearly showed that she lacked standing, the court reasonably determined that a hearing was not necessary.  Because no hearing was held, the district court committed no error in denying Johnson's request to appear telephonically.

### *Denial of Motions for Recusal*

A judge's denial of a motion to recuse himself is reviewed for abuse of discretion.  *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007).  Pursuant to 28 U.S.C. § 455(a), a federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Under § 455(a), recusal is appropriate only if an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was

12

sought would entertain a significant doubt about the judge's impartiality."

*Amedeo*, 487 F.3d at 828 (quotations omitted).  To disqualify a judge under § 455, the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (quotations omitted). "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."  *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001).

Here, the judge did not abuse his discretion in denying Johnson's motions for recusal.  Johnson failed to show that, under § 455, the judge was impartial or had a personal bias or prejudice against her.  Johnson's claims of bias were based solely on the judge's denial of her motion to appear telephonically and hold a hearing on Ocwen's motion to dismiss.  However, this single adverse ruling is insufficient to establish that the judge was impartial.  *See Byrne*, 261 F.3d at 1103. Furthermore, the court explained that it denied Johnson's motion because it determined that a hearing was unnecessary.  As noted above, the district court did not abuse its discretion in making that determination.  Accordingly, because Johnson failed to show a bias stemming from an extrajudicial source, the district court did not abuse its discretion in denying the motion for judicial recusal.  *See*

13

*Bailey*, 175 F.3d at 968.

### *Denial of Motion for Reconsideration*

The denial of a Rule 60(b) motion is reviewed for an abuse of discretion. *Crapp v. City of Miami Beach,* 242 F.3d 1017, 1019 (11th Cir. 2001). Rule 60(b) provides that the district court may relieve a party from a final judgment or order based on, *inter alia*, mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation, or misconduct by an opposing party; "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (3), (6).

The district court has broad discretion in ruling on a Rule 60(b) motion. *See Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). A motion pursuant to Rule 60(b)(6) must demonstrate "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (quotations omitted). We will not reverse a district court's denial of a Rule 60(b)(6) motion on appeal unless the appellant demonstrates that the district court was required to grant relief. *Cano*, 435 F.3d at 1342.

In her Rule 60(b) motion, Johnson requested relief from the district court's orders denying her motion for a hearing and her motion for recusal. As explained

14

above, the district court did not abuse its discretion in denying Johnson's motion for a hearing and her motion for recusal. Because Johnson failed to show that the district court erred in denying these motions, she falls far short of demonstrating that the district court was required to grant relief. *See Cano*, 435 F.3d at 1342. Accordingly, the district court did not err in denying Johnson's motion for reconsideration.

### *Settlement Agreement*

"Failure to raise an issue, objection or theory of relief in the first instance to the trial court is generally fatal." *Denis v. Liberty Mut. Ins. Co.*, 791 F.2d 846, 848-49 (11th Cir. 1986). "As a general rule, an appellate court will not review a legal issue or theory not presented to the trial court, unless the issue is a pure question of law and the court's failure to consider it would result in a miscarriage of justice." *NAACP v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990).

We decline to exercise our jurisdiction to review Johnson's claim, because failure to consider the issue does not result in a miscarriage of justice. *Id.* First, although Johnson informed the district court that Ocwen had extended a settlement offer, she never requested that the court take action against Ocwen for extending a fraudulent offer. Second, the plain language of the settlement letter states that Johnson and Parks were required to sign a settlement and release agreement and

15

contact Ocwen's counsel prior to 5:00 p.m. on March 18, 2009, in addition to making a $600 "down payment" in order to accept the offer. Johnson does not allege that she signed the settlement and release agreement or contacted Ocwen's counsel to accept the offer. Accordingly, we affirm the district court's dismissal of Johnson's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

**AFFIRMED.**