Darcie **COBURN**, Plaintiff,

v.

Enrico G. **GONZALEZ, P.A., Caliber Home Loans, Inc., and U.S. Bank Trust, N.A. As Trustee,** Defendants.

Case No. 15–80852–CIV– **COHN/SELTZER**

United States District Court, S.D. Florida.

Signed November 2, 2015

Jessica Lynn Kerr, Jessica L.Kerr, P.A., Fort Lauderdale, FL, for Plaintiff.

Adam Patrick Hartley, Baker Donelson Bearman Caldwell Berkowitz PC, Orlando, FL, Ryan Patrick Robichaux, Bradley Arant Boult Cummings, LLP, Birmingham, AL, for Defendants.

## ORDER

JAMES I. COHN, United States District Judge

**THIS CAUSE** has come before the Court upon the Motion to Dismiss DE [15] filed by the Defendant, Caliber Home Loans, Inc.[1] ("Caliber"). This is an action for damages under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Caliber moves to dismiss the Complaint DE [1] pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that 1) the Plaintiff lacks standing under FDCPA, 2) Caliber did not engage in debt collection under FDCPA, 3) Caliber did not violate FDCPA as a matter of law, and 4) Caliber is immune from suit under the litigation privilege.

Plaintiff, Darcie Coburn, was named as a defendant in a state court mortgage foreclosure action (the "Foreclosure Action") filed by Caliber in the Circuit Court of the

---

1. Although U.S. Bank Trust, N.A., as Trustee ("U.S.Bank"), is listed as a defendant in the caption of this case, no summons was ever issued for U.S. Bank and no allegations against U.S. Bank are raised in the Complaint. Accordingly, U.S. Bank is not a party to this action.

Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No.2014–CA–002596. Darcie Coburn inherited the mortgaged property from her mother, Jane Coburn. DE [1],¶ 15. Darcie Coburn was not a party to the mortgage or the promissory note signed by her mother; she was named in the Foreclosure Action as a party who may claim some inferior interest in the property.[2] Coburn alleges that the Summons, the Foreclosure Complaint and a "Notice Required by Fair Debt Collection Practices Act" (the "Notice") served upon her in the Foreclosure Action were deceptive and misleading in violation of the FDCPA, 15 U.S.C. §§ 1692e, specifically 1692e(10).

The Notice stated that the debt alleged in the Foreclosure Complaint "will be assumed to be valid by the creditor's law firm, unless the debtor, within thirty days after receipt of [the] notice, disputes the validity of the debt or some portion thereof." The Summons advised of the 20–day deadline to respond to the Foreclosure Complaint. Plaintiff's Complaint alleges that the two different deadlines contained in the Notice and the Summons could be misleading to the "least sophisticated consumer" who is protected by the FDCPA. She seeks actual damages and statutory damages under 15 U.S.C. § 1692k.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Aronson v. Celebrity Cruises, Inc.*, 30 F.Supp.3d 1379, 1392 (S.D.Fla. 2014), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiffs favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir.2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir.1998).

Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal citations and quotations omitted). Legal conclusions in a complaint must be supported by factual allegations and only a complaint which states a plausible claim for relief shall survive a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir.2010) *citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Caliber moves to dismiss, arguing that only a "consumer" as defined by the FDCPA may seek civil remedies for violations of that act. A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Since Darcy Coburn was not

2. Caliber attached a copy of the Mortgage to its Motion to Dismiss DE [15–1] and the Plaintiff has attached a copy of the Foreclosure Complaint, Summons and Notice to her Response in Opposition DE [17–1]. Normally, if matters outside the pleadings are presented by the parties and considered by the district court, the Rule 12(b)(6) motion must be converted into a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d). There is a qualification to this rule where certain documents and their contents are undisputed: "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiffs claim, and (2) its authenticity is not challenged." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir.2010) (citations omitted). The documents attached to the parties' memoranda meet these criteria.

a party to the mortgage or promissory note, Caliber concludes that she is not a consumer and therefore lacks standing to sue.

In *Johnson v. Ocwen Loan Servicing,* 374 Fed.Appx. 868 (11th Cir.2010), the Eleventh Circuit considered a non-debtor's standing to sue under the FDCPA. There, a plaintiff who was not a borrower or otherwise obligated on the loan filed suit under the FDCPA and other consumer protection statutes. The Eleventh Circuit held that the plaintiff lacked Article III standing because she was not a borrower and therefore did not suffer an injury-in-fact. The court also considered the prudential requirements for standing and found that the plaintiff failed to establish that she was in the "zone-of-interests" protected by the statute. *Id.* at 874. Similarly, this Court dismissed an FDCPA claim for lack of standing where the plaintiff never alleged that she was obligated to pay the debt about which she received phone calls. *Deuel v. Santander Consumer USA, Inc.,* 700 F.Supp.2d 1306 (S.D.Fla.2010)(Plaintiff, who was not the debtor, lacked standing under FDCPA to sue under § 1692c(b)).

■ Coburn makes no allegations which would support a finding that she is a "consumer" as defined in the FDCPA. In her Response in Opposition DE [17], Coburn argues that she can be considered to have "consumer status" because the Summons and the Foreclosure Complaint reference potential damages, thus can be considered "an attempt to collect a debt." This ignores the fact that Coburn owes no money to the Defendant and nothing in the Com-

plaint or Foreclosure Action alleges or indicates otherwise. As such, the Court finds that she lacks standing to sue for damages under the FDCPA and therefore, the Motion to Dismiss should be granted.

■ Even if standing were found to exist, the Motion to Dismiss should be granted because Court cannot conclude that the Notice and Summons violated the provisions of 15 U.S.C. § 1692e, 1692e(10). The standard for a violation of 15 U.S.C. § 1692e(10) is whether "the least sophisticated consumer" would tend to be misled. *Caceres v. McCalla Raymer, LLC,* 755 F.3d 1299, 1303 (11th Cir.2014). That is generally a question for the jury, but whether the Plaintiff alleges facts sufficient to state a claim under § 1692e is a legal question for the Court. *Miljkovic v. Shafritz and Dinkin, P.A.,* 791 F.3d 1291, 1307–08 n. 11 (11th Cir.2015).

Coburn's only factual allegations to support her claim of deceptive and misleading communication are that the Summons contained a 20–day deadline to answer the Foreclosure Complaint and the Notice[3] (which was not required to be included with the Foreclosure Complaint) contained a statement that the creditor would assume the debt to be valid unless *the* debtor disputes the validity of the debt within 30 days. She contends that the conflicting deadlines would likely confuse the "least sophisticated consumer" about his rights as both a consumer and a litigant and assumes that the "least sophisticated consumer" would respond to either the Summons or the Notice, but not both.

The Eleventh Circuit has spoken about the "least sophisticated consumer": The

---

**3.** Coburn points out that the Notice incorrectly cited the FDCPA statute as 15 U.S.C. § 1601, instead of the correct statute, 15 U.S.C. § 1692. This is not a material, mis-

leading error, in light of the fact that the name of the act was printed in full and the typographical error had no relation to any debt owed by the Plaintiff or any other party.

least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*Caceres,* 755 F.3d at 1303, *quoting, LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185 (11th Cir.2010).

The Sixth Circuit considered the precise argument made by Coburn and held that the least sophisticated consumer would not be misled by two different deadlines imposed by a summons and a validation notice:

> The least sophisticated consumer, with a careful reading of the language in the Summons and Complaint, including the statutorily required notice, would understand that there were two different time periods within which she must act, and that the time periods run at the same time, from the day after the Summons and Complaint is received.

*Fed. Home Loan Mortgage Corp. v. Lamar,* 503 F.3d 504, 511 (6th Cir.2007). The court noted that the debtor "was put on notice that she had twenty days to answer the complaint and thirty days to dispute the debt." *Id.*

In this case, there is nothing inaccurate or deceptive about the deadlines contained in the Summons or in the Notice. They are both correct. Applying a minimal quotient of reasonableness, the Court cannot conclude that the Notice and Summons served on Coburn were in any way deceptive or misleading to the least sophisticated consumer under FDCPA, 15 U.S.C. § 1692e.[4]

In light of the Court's findings that the Plaintiff lacks standing to sue under FDCPA because she is not a debtor and has not been sued to collect on a debt and that the Notice and Summons served on the Plaintiff were not deceptive or misleading under 15 U.S.C. § 1692e, it appears that Plaintiff has no cognizable claim under FDCPA. The Court finds that any attempts to amend would be futile. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss DE [15] of the Defendant, Caliber Home Loan, Inc. be and the same is **GRANTED.** This cause is **DISMISSED WITH PREJUDICE.** The Clerk of the Court is directed to **CLOSE** this case. Any pending motions are hereby **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 2nd day of November, 2015.

---

4. The court recognizes that Judge Martinez reached a different conclusion in *Battle v. Gladstone Law Group, P.A.,* 951 F.Supp.2d 1310, 1315 (S.D.Fla.2013), but notes that the *Battle* opinion was entered before the Eleventh Circuit's decision in *Caceres,* 755 F.3d 1299. In any event, this Court reaches a contrary conclusion.