**Jacqueline I. DEUEL, individually,
Plaintiff,**

v.

**SANTANDER CONSUMER
USA, INC., Defendant.**

**Case No. 09–CIV–82379–Cohn/Seltzer.**

United States District Court,
S.D. Florida.

April 1, 2010.

---

Scott David Owens, Cohen & Owens PA, Hollywood, FL, for Plaintiff.

John B. Rosenquest, IV, Jones Walker, Miami, FL, for Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

JAMES I. COHN, District Judge.

**THIS CAUSE** is before the Court on Defendant Santander Consumer USA, Inc.'s Motion to Dismiss Count I of Plaintiff's Complaint [DE 13] ("Motion to Dismiss"). The Court has carefully reviewed the Motion to Dismiss, Plaintiff's response [DE 14], Defendant's reply [DE 16], and is otherwise fully advised in the premises.

## I. BACKGROUND

In 2009, Defendant Santander Consumer USA, Inc. called Plaintiff Jacqueline Deuel's cellular phone dozens of times in an attempt to collect a debt from someone named Amy Sagaert ("the Debt"). Complaint ¶¶ 9–11, 16. Defendant did not use the name "Santander Consumer USA, Inc." when calling Plaintiff. *Id.* ¶ 12. Rather, Defendant referred to itself as "Billing and Collections." *Id.* Plaintiff disclosed to Defendant in August 2009 that she was not Amy Sagaert and that the number Defendant called belonged to Plaintiff and not Amy Sagaert. *Id.* ¶ 13. Defendant, nevertheless, continued to attempt to collect the debt from Plaintiff. *Id.*

As a result, Plaintiff filed a complaint asserting three claims: 1) a violation of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); 2) a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.;* and 3) a violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq. See* DE 1. Defendant has since filed a Motion to Dismiss. The Motion to Dismiss seeks dismissal of only the FDCPA claim.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir.2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556, 127 S.Ct. 1955.

### B. Defendant Santander Consumer USA, Inc.'s Motion to Dismiss

1. *The Complaint Adequately Alleges that Defendant Is a Debt Collector as that Term Is Defined within the FDCPA*

The FDCPA defines the term "debt collector" as follows:

[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

Here, the Complaint alleges that Defendant is "engaged in the practice of debt collection" and that "[a]t all times material to the allegations of the complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt." Complaint ¶¶ 4, 7. Moreover, Plaintiff alleges that "Defendant sought to collect an alleged consumer debt from 'Amy Sagaert' and called Plaintiff's cellular telephone dozens of time in an effort to collect said debt." *Id.* ¶ 11. Defendant, nonetheless, argues that Plaintiff "fails to allege facts supporting the allegation that [Defendant] is a 'debt col-

lector' within the purview of the Act." Motion to Dismiss at 2. The Court disagrees.

■ Plaintiff's allegations satisfy the notice pleading requirements set forth by the Federal Rules of Civil Procedure. Indeed, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citations omitted). Here, Plaintiff has certainly given the defendant fair notice of what the claim is and the grounds upon which it rests. Furthermore, the face of the Complaint does not allege any information to undermine the assertion that Defendant is a debt collector. *Cf. Reese v. JPMorgan Chase & Co.,* 686 F.Supp.2d 1291, 1307–09 (S.D.Fla.2009).

Notwithstanding, Defendant contends that it is not a "debt collector" because the term "debt collector" does not include

> any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts[.]

15 U.S.C. § 1692a(6)(B) ("the Affiliate Exception"). In other words, Defendant argues that Plaintiff has failed to plead that the Affiliate Exception is inapplicable.

■ Defendant is correct that the Complaint fails to allege that Defendant was not "acting as a debt collector for another person, both of whom are . . . affiliated by

corporate control." *See* Complaint; 15 U.S.C. § 1692a(6)(B). Likewise, the Complaint fails to allege that Defendant was not "acting as a debt collector . . . only for persons to whom it is so related or affiliated" or that "the principal business of [Defendant] is . . . the collection of debts." *See* Complaint; 15 U.S.C. § 1692a(6)(B). The Complaint, however, need not plead "the inapplicability of every exception to [the debt collector] definition." *Molloy v. Primus Auto. Fin. Servs.,* 247 B.R. 804, 821 (C.D.Cal.2000). Because the face of the Complaint does not indicate that Defendant clearly falls within an exception, like the Affiliate Exception, Plaintiff may be able to prove that Defendant is in fact a debt collector. Dismissal on that ground is therefore unwarranted. *See id.*

Defendant argues in its Motion to Dismiss that "[t]he creditor for this debt, which is referenced throughout the Complaint, is Sovereign Bank." Motion to Dismiss at 6. Defendant also argues in its Motion to Dismiss that "Sovereign Bank is an affiliate of [Defendant]." *Id.* These facts may be true, but they are not before the Court on the Motion to Dismiss. Indeed, the identity of the creditor for the Debt appears nowhere in the Complaint. Similarly, the name "Sovereign Bank" appears nowhere in the Complaint. Also, the nature of the Debt appears nowhere in the Complaint. Nevertheless, Defendant attached to its Motion to Dismiss "[a] true and correct copy of [the] Retail Installment Contract for the underlying debt, which the seller immediately assigned to Sovereign Bank." *Id.*

■ Defendant encourages the Court to consider a Retail Installment Sale Contract ("Contract") that purportedly evidences 1) the Debt and 2) that Defendant is not the creditor on the Debt.[1] Defendant

---

1. The Court recognizes that if Defendant can prove it collects debts only for its affiliates

and that debt collection is not its principal business, then Defendant is not a "debt col-

states, "[t]he Court is free to consider the [Contract] on a motion to dismiss without converting it to a motion for summary judgment because the document is central to the plaintiff's claim and undisputed." Motion to Dismiss at 6, n. 4 (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002)).

The Contract, however, reflects neither Defendant's name nor Plaintiff's name. *See* DE 13–1. Rather, the Contract reflects only that "Amy Kathleen Sagaert" is a co-buyer of a vehicle and that "Pompano Honda" is the "Creditor–Seller." *Id.* "Sovereign Bank" appears nowhere on the Contract. *See id.* More importantly, the Complaint never references a Contract and the Complaint never even characterizes the nature of the Debt. The fact that Amy Sagaert's name appears in both the Complaint and the Contract is not enough to establish that the Contract is central to Plaintiff's claim. Moreover, without other evidence, the Contract only bolsters Plaintiff's allegation that Defendant is a debt collector (i.e., if the Contract evidences a debt owed to someone other than Defendant and Defendant attempted to collect it, Defendant may very well fall within the definition of "debt collector" as that term is defined in the FDCPA).

Because the Court finds that the Complaint adequately alleges that Defendant is a "debt collector" as that term is defined within the FDCPA, the Court need not address Plaintiff's argument that it adequately pled the "false name" exception to the FDCPA.

### 2. *Plaintiff Does Not Have Standing to Assert a Violation of 15 U.S.C. § 1692c(b)*

■ Plaintiff alleges that Defendant violated 15 U.S.C. § 1692c(b) which prohib-

its a debt collector from communicating, "in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Defendant contends that "Plaintiff fails to state a claim under [15 U.S.C. § 1692c(b)] because Plaintiff concedes that she is not the consumer." Motion to Dismiss at 10. Stated differently, Defendant contends that Plaintiff lacks standing to assert a violation of 15 U.S.C. § 1692c(b).

The prudential limits on standing provide that: (1) the plaintiff must assert her own rights and interests and may not rely on the rights and interests of others; (2) the federal courts will not adjudicate "abstract questions of wide public significance" amounting to "generalized grievances," which are more appropriately resolved by the legislative branches; and (3) the plaintiff's complaint must fall within the "zone of interests" to be protected by the statute in question.

*Johnson v. Ocwen Loan Servicing*, No. 09–13906, —— Fed.Appx. ——, 2010 WL 892851, at *3 (11th Cir. Mar. 15, 2010) (citing *Valley Forge Christian Coll. v. Ams. United*, 454 U.S. 464, 475–76, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)).

■ Here, the statute in question is 15 U.S.C. § 1692c(b). Under 15 U.S.C. § 1692a(3), "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." *Id.* (emphasis added). Plaintiff alleges that Defendant "was aware that the calls were being placed to someone other than 'Amy Sagaert,' the alleged debtor, but requested that Plaintiff pay the debt anyway." Com-

---

plaint ¶ 15. Plaintiff never alleges that she was ever obligated to pay the Debt. Likewise, Plaintiff never alleges that Defendant told her she was obligated to pay the Debt. Thus, Plaintiff is not a "consumer" within the FDCPA. Accordingly, Plaintiff does not have standing to maintain an action for violation of 15 U.S.C. § 1692c(b). *See Johnson*, —— Fed.Appx at ——, 2010 WL 892851, at *3 (finding plaintiff failed to establish Article III standing in FDCPA case because plaintiff was not a borrower or otherwise obligated on the loan and, therefore, did not suffer an injury-in-fact).

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Santander Consumer USA, Inc.'s Motion to Dismiss Count I of Plaintiff's Complaint [DE 13] is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's claim for a violation of 15 U.S.C. § 1692c(b) is **DISMISSED.** In all other respects, the Motion to Dismiss [DE 13] is **DENIED.**