**Rebecca Y. FRAZER, Plaintiff,**

v.

**IPM CORP. OF BREVARD, INC., and Karen Lewis, Defendants.**

Civil Action No. 1:10–CV–1698–WCO–AJB.

United States District Court, N.D. Georgia, Atlanta Division.

March 3, 2011.

John Thomas Sparks, Sr., Atlanta, GA, for Plaintiff.

Cindy Dawn Hanson, John P. Jett, Kilpatrick Townsend & Stockton, LLP, Atlanta, GA, for Defendants.

### ORDER

WILLIAM C. O'KELLEY, Senior District Judge.

The captioned case is before the court for consideration of the magistrate judge's report and recommendation ("R & R") [13] dated December 17, 2010, which recommended that the court *sua sponte* dismiss plaintiff's action for lack of standing or, alternatively, grant defendants' motion to dismiss. On December 30, 2010, plaintiff filed her objections to the R & R, which also included a motion for leave to amend her complaint. On January 18, 2011, defendants filed their response to plaintiff's objections and motion to amend.

After thoroughly reviewing the record, the court is confident that the magistrate judge has correctly applied the law to the facts of this case. Thus, the court will only address plaintiff's objections that raise issues of law not presented to or not expressly addressed by the magistrate judge.

The court will reiterate below the salient facts culled from the complaint that are set forth in the R & R. Plaintiff owns a company, which in turn owns a parcel of land next to Lake Toxaway in North Carolina. The Lake Toxaway Company started a development around Lake Toxaway in the early 1960's, which is governed by a homeowner's association ("HOA"). The parcel owned by plaintiff's company is not part of the Lake Toxaway Company development and is not a member of the HOA. (Compl. ¶ 18).

Defendant IPM Corp of Brevard, Inc. ("IPM") is a business organized in North Carolina that is regularly engaged in the debt collection business. (*Id.* at ¶¶ 4, 9.) Defendant Karen Lewis is an employee of IPM. (*Id.* at ¶ 5.)

In 2004, IPM started managing the HOA for the Lake Toxaway Company. In the course of managing the HOA, IPM learned that the parcel owned by plaintiff's company was not subject to fees or assessments by the HOA. (*Id.* at ¶ 19.) IPM and Lewis also knew that plaintiff did not own the parcel of land, but rather was a member of the company that owned the parcel of land. (*Id.* at ¶ 21.)

At some point, the HOA and plaintiff's company became engaged in litigation in North Carolina. Defendants were aware of this litigation. (*Id.* at ¶ 23.) Defendants also were aware that plaintiff was represented by counsel. (*Id.* at ¶ 24.)

Around November 13, 2009, Lewis sent a letter to plaintiff by mail. (*Id.* at ¶ 25.) The letter was addressed "Dear Homeowner" and indicated that the 2009–2010 Maintenance Fee statement for road, grounds, and lake maintenance and security services was enclosed. The letter additionally stated that fiscal year 2009–2010 began on August 1, 2009, and that the

homeowner's balance was "in the 90 day category" but was not overdue. The letter further provided that payment was due within 30 days of the letter, or by December 13, 2009. (Compl. Ex. 1.)

The enclosed "Statement" accompanying the letter listed plaintiff's name and address as 1102 DeFoors Mill Place NW, Atlanta, GA 30318. The statement indicated that the amount due on the account was $3,734.21 as follows: (1) a previous balance of $1,767.40; (2) a $1,991 charge for "Lake/Roads Maint—Improved 2010," and (3) a $24.19 credit for "2008/09 Maintenance Fee Credit Charge Adjustment." (*Id.*) Lewis was aware that plaintiff was represented by counsel concerning the subject matter contained in the letter. (Compl. ¶ 26.)

Plaintiff filed this action alleging that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1691 *et seq.* ("FDCPA"), by directly contacting plaintiff instead of her attorney. A debt collector is prohibited from communicating "with a consumer in connection with the collection of any debt" when "the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . ." 15 U.S.C. § 1692c(a)(2). The court finds that the magistrate judge properly concluded that plaintiff lacks standing in this case because she is not a "consumer" as defined under 15 U.S.C. § 1692c.

A consumer under § 1692c is "any natural person obligated or allegedly obligated to pay any debt," as well as "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). *See Johnson*

*v. Ocwen Loan Servicing,* 374 Fed.Appx. 868, 874 (11th Cir.2010) (holding that § 1692c applies only to consumers). The complaint alleges that plaintiff does not own the parcel of property on which defendants have sought the HOA fees because her company owns the parcel. The complaint further alleges that defendants were aware that plaintiff did not own the land. According to plaintiff's allegations, plaintiff is neither a person obligated to pay the HOA fees nor the person allegedly obligated to pay the HOA fees. Therefore, the magistrate judge properly determined that plaintiff is not a "consumer" and does not have standing to bring claims under § 1692c.

■ The court rejects plaintiff's argument that the magistrate judge impermissibly resolved disputed factual issues. The court finds that the magistrate judge properly accepted as true the complaint's factual allegations and construed them in the light most favorable to plaintiff.[1] *Hardy v. Regions Mortgage, Inc.,* 449 F.3d 1357, 1359 (11th Cir.2006); *M.T.V. v. DeKalb County Sch. Dist.,* 446 F.3d 1153, 1156 (11th Cir.2006). For example, the magistrate judge correctly noted that plaintiff's claims are "solely premised" upon 15 U.S.C. § 1692c(a)(2). In her objections, plaintiff points out that her complaint states that "Defendants violated Section 1692c(a)(2) and otherwise." (Compl. ¶ 28.)

Contrary to plaintiff's argument, however, plaintiff's inclusion of "and otherwise" language is not adequate to identify a legally cognizable right of action.[2] A complaint "must contain something . . . more . . . than a statement of facts that merely creates a suspicion of a legally cognizable

---

**1.** In addition, when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), extrinsic documents can be considered where those documents are referred to in the complaint and are central to plaintiff's claims. *Brooks v. Blue Cross and Blue Shield*

*of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

**2.** The court notes that in her objections plaintiff did not set forth the specific violations she is claiming other than 15 U.S.C. § 1692c.

right of action." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* ── U.S. ──, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (holding that Rule 8 notice pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). "[W]hile the Court must accept the facts pleaded in the Complaint as true, the Court need not accept as true conclusory allegations or legal characterizations." *Hill v. Saxon Mortg. Services, Inc.,* 2009 WL 2386057 *1 (N.D.Ga. May 14, 2009). A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (citation omitted). Since plaintiff lacks standing to bring claims under 15 U.S.C. § 1692c(a)(2), the court must dismiss plaintiff's complaint without prejudice.[3] *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir.2008) (holding that "[b]ecause standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).").

Alternatively, rather than dismissing the complaint, plaintiff argues that she should be allowed to amend the complaint. Plaintiff contends that she should be given an opportunity to set forth the specific violations of the FDCPA, which she implicitly included in the complaint. Nevertheless, plaintiff has not explained what those specific violations might be. Plaintiff has not attached a proposed amended complaint with her motion.

Although Federal Rule of Civil Procedure 15(a)(2) directs the court to freely give leave when justice so requires, leave to amend is "by no means automatic." *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir.1979). "Rule 15(a) gives a district court 'extensive discretion' to decide whether or not to allow a party to amend a complaint." *Campbell v. Emory Clinic,* 166 F.3d 1157 (11th Cir. 1999). "This liberal discretion is not abused when the amendment would prejudice the defendant, follow undue delays, or is futile." *Id.* A claim is futile if it cannot withstand a motion to dismiss. *Fla. Power & Light Co. v. Allis Chalmers Corp.,* 85 F.3d 1514, 1520 (11th Cir.1996).

Defendants assert that plaintiff cannot state FDCPA claims that are both consistent with Federal Rule of Civil Procedure 11 and that will be able to withstand a motion to dismiss. As set forth in the R & R, the court is cognizant of at least two possible independent grounds for dismissal other than plaintiff's lack of standing. Plaintiff has not addressed how amending the complaint would prevent dismissal on these grounds. In fact, other than plaintiff's broad conclusory assertions, plaintiff has not set forth how amending the complaint would prevent a dismissal for lack of standing. There is no basis to conclude that an amendment would not be futile. Plaintiff's request to amend her complaint therefore is denied.

For the foregoing reasons, the R & R[13] is hereby **APPROVED and ADOPTED** as the order of this court. For the reasons set forth in the R & R, as well as those set forth above, plaintiff's

---

Neither this court nor defendants are obligated to speculate as to the specific claims plaintiff might have under the FDCPA.

**3.** Because the court dismisses this case for lack of standing, the court need not address

the alternative arguments. *DiMaio v. Democratic Nat'l Comm.,* 520 F.3d 1299, 1303 (11th Cir.2008) (vacating district court's alternative holdings that reached the merits where the court was without subject matter jurisdiction due to plaintiff's lack of standing).

complaint is hereby *sua sponte* **DISMISSED WITHOUT PREJUDICE.** Plaintiff's motion to amend her complaint is hereby **DENIED.**

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

ALAN J. BAVERMAN, United States Magistrate Judge.

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED.R.CIV.P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08–01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay,* 714 F.2d 1093 (11th Cir.1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED,** this 17th day of December, 2010.

## UNITED STATES MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Currently before the Court is Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. [Doc. 4]. For the reasons set forth below, the undersigned **RECOMMENDS** that the Court *sua sponte* dismiss Plaintiff's civil action because Plaintiff lacks standing to bring claims under 15 U.S.C. § 1692c(a)(2). Alternatively, the undersigned **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED.**

### Introduction

On June 2, 2010, Plaintiff initiated the instant civil action against IPM Corp of Brevard, Inc., ("IPM Corp") and Karen Lewis ("Lewis") (collectively "Defendants") alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 *et seq.* ("FDCPA") by directly contacting Plaintiff instead of her attorney, 15 U.S.C. § 1692c(a)(2). [Doc. 1]. Instead of filing an answer, Defendants filed a motion to dismiss on June 28, 2010. [Doc. 4]. Plaintiff filed a response, [Doc. 7], and Defendants filed a reply brief, [Doc. 8]. With briefing completed, the undersigned turns to the arguments raised in Defendants' motion to dismiss.

### Facts [1]

IPM Corp is a business organized in North Carolina, which is regularly en-

---

1. In considering a motion to dismiss under Rule 12(b)(6), courts "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir.2010); *see also Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (noting that all allegations in the complaint are to be taken to be true even if doubtful in fact). Courts also may consider documents attached to the complaint. *See* FED.R.CIV.P. 10(c); *Friedman v.*

gaged in the debt collection business. (Complaint ¶¶ 4, 9). Lewis is an employee of IPM Corp. (*Id.* ¶ 5).

Plaintiff owns a company,[2] which in turn owns a parcel of land next to Lake Toxaway in North Carolina. (*Id.* ¶ 18). The Lake Toxaway Company started a development around Lake Toxaway in the early 1960's, which is governed by a homeowner's association ("HOA"). The parcel owned by Plaintiff's company is not part of the Lake Toxaway Company development and is not a member of the homeowner's association. (*Id.*).

In 2004, IPM Corp. started managing the HOA for the Lake Toxaway Company. In the course of managing the HOA, IPM Corp. learned that the parcel owned by Plaintiff's company was not subject to fees or assessments by the homeowner's association. (*Id.* ¶ 19). IPM Corp. and Lewis also knew that Plaintiff did not own the parcel of land, but instead was a member of the company that owned the parcel of land. (*Id.* ¶ 21).

At some point, the home owner's association and Plaintiff's company became engaged in litigation in North Carolina. Defendants were aware of this litigation. (*Id.* ¶ 23). Defendants were also aware that Plaintiff was represented by counsel. (*Id.* ¶ 24).

Around November 13, 2009, Lewis sent a letter to Plaintiff by mail. (*Id.* ¶ 25). The letter was addressed "Dear Homeowner," and indicated that the 2009–2010 Maintenance Fee statement for roads, grounds, and lake maintenance and security services was enclosed. The letter additionally stated that the fiscal year 2009–2010 began on August 1, 2009, and that the homeowner's balance was "in the 90 day category" but was not overdue. The letter further provided that payment was due

within 30 days of the letter or by December 13, 2009. (*See* Nov. 13, 2009, Letter in Doc. 1 at Exh. 1).

The enclosed "Statement" accompanying the letter listed Plaintiff's name and her address as 1102 DeFoors Mill Place NW, Atlanta, GA 30318. The statement indicated that the amount due on the account was $3,734.21 as follows: (1) a previous balance of $1,767.40; (2) a $1,991 charge for "Lake/Roads Maint—Improved 2010"; and (3) a $24.19 credit for "2008/09 Maintenance Fee Credit Charge Adjustment." (*See* Statement in Doc. 1 at Exh. 1). Lewis was aware that Plaintiff was represented by counsel concerning the subject matter contained in the letter. (*Id.* ¶ 26).

### Dismissal Standards

#### A. Standing and Subject Matter Jurisdiction

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir.2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir.1991)). Under Rule 12 of the Federal Rules of Civil Procedure ("Rule 12"), a court must dismiss an action "[i]f the court determines at any time that it lacks subject matter jurisdiction." FED.R.CIV.P. 12(h)(3). This Rule requires a court to dismiss *sua sponte* a civil action when it lacks subject matter jurisdiction. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir.1983) ("The only provision in the rules for *sua sponte* dismissal is for lack of subject matter jurisdiction, under Rule 12(h)(3)."). Dismissal for lack of subject matter juris-

---

*Market Street Mortg. Corp.*, 520 F.3d 1289, 1295 n. 6 (11th Cir.2008).

**2.** The name of the company is apparently RYF Enterprises, LLC. [*See* Doc. 7 at 2].

diction is without prejudice. *See* FED. R.CIV.P. 41(b); *Stalley ex rel. U.S.,* 524 F.3d at 1232 ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); *DiMaio v. Democratic Nat'l Committee,* 520 F.3d 1299, 1303 (11th Cir. 2008) (affirming dismissal of complaint for lack of standing but noting that "this dismissal is necessarily without prejudice").

*B. Failure to State a Claim*

Rule 12 allows a party to move for dismissal for failure to state a claim. FED. R.CIV.P. 12(b)(6). Under FED.R.CIV.P. 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R.CIV.P. 8(a)(2). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Electronics Huntsville, Inc.,* 593 F.3d 1206, 1214 (11th Cir.2010) (quoting *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir.2008)). Under the Supreme Court's *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* — U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), decisions, the Rule 8 requirement is satisfied when the complaint contains

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged....

*Iqbal,* 129 S.Ct. at 1949 (internal punctuation and citations to *Twombly* omitted). A court "may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir.2010) (quoting *Iqbal,* 129 S.Ct. at 1951).

### Discussion

■ The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers. *See* 15 U.S.C. § 1692(e); *Madura v. Lakebridge Condo. Ass'n, Inc.,* 382 Fed.Appx. 862, 864–65 (11th Cir.2010). In order to prevail on an FDCPA claim, a plaintiff must establish that:

> (1) [she] [has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

*Buckley v. Bayrock Mortg. Corp.,* Civ. No. 1:09–cv–1387–TWT, 2010 WL 476673, *6 (N.D.Ga. Feb. 5, 2010) (Thrash, J., adopting Vineyard, M.J.) (quoting *Beadle v. Haughey,* No. Civ. 04–272–SM, 2005 WL 300060, *3 (D.N.H. Feb. 9, 2005)); *see also McCorriston v. L.W.T., Inc.,* 536 F.Supp.2d 1268, 1273 (M.D.Fla.2008) (same). Defendants contend that the Plaintiff's FDCPA claim should be dismissed against them on three grounds: (1) they do not qualify as debt collectors; (2) the FDCPA does not apply to the maintenance fees at issue; and (3) the Plaintiff was not a consumer when she received the maintenance fee letter. [Doc. 4 at 4–8]. Because Defendants' last argument impli-

cates Plaintiff's standing and thus this Court's subject matter 7 jurisdiction, the undersigned addresses Defendants' consumer argument first before turning to Defendants' other arguments.

### A. Consumers and 15 U.S.C. § 1692c

■ Defendants assert that because Plaintiff's company, not Plaintiff, owns the parcel, the collection of the maintenance fees does not represent a consumer obligation, and Plaintiff did not receive the statement as a consumer, but instead as a representative of her company. [Doc. 4 at 7–8]. Plaintiff contends that although she is not personally liable, Defendants still have violated the FDCPA because they attempted to collect the debt from her. [Doc. 7 at 13–14 (citing *Jeter v. Alliance One Receivables Mgmt., Inc.,* No. 10–cv–2024, 2010 WL 2025213 (D.Kan. May 20, 2010))].

The undersigned finds that the parties' arguments essentially raise the issue of whether Plaintiff is a consumer for purposes of 15 U.S.C. § 1692c(a)(2).[3] This provision prohibits a debt collector from communicating "with a *consumer* in connection with the collection of any debt" when "the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address...." 15 U.S.C. § 1692c(a)(2) (emphasis added). A consumer under § 1692c is "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), as well as "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator," for § 1692c claims, 15 U.S.C. § 1692c(d).

Courts outside of the Eleventh Circuit have determined that 15 U.S.C. § 1692c only applies to consumers. *See Montgomery v. Huntington Bank,* 346 F.3d 693, 696–97 (6th Cir.2003) (finding that only a consumer has standing to sue for violations under § 1692c); *Jeter,* 2010 WL 2025213 at *2; *Bank v. Pentagroup Fin., LLC,* No. 8–cv5293, 2009 WL 1606420, *4 (E.D.N.Y. June 9, 2009) (citing cases and agreeing with those cases that have found non-consumers lack standing to sue under § 1692c). *But see Thomas v. Consumer Adjustment Co.,* 579 F.Supp.2d 1290 (E.D.Mo.2008) (finding that non-debtor has standing to sue under § 1692c(b)). Also, the Eleventh Circuit in an unpublished opinion has indicated that § 1692c applies only to consumers. *Johnson v. Ocwen Loan Servicing,* 374 Fed.Appx. 868, 874 (11th Cir.2010). District courts in this Circuit have reached the same conclusion relying on the *Johnson* case. *Deuel v. Santander Consumer USA, Inc.,* 700 F.Supp.2d 1306, 1311–12 (S.D.Fla.2010) (holding that plaintiff did not have standing to bring claims under 15 U.S.C. § 1692c(b) because she was not a consumer); *Meadows v. Franklin Coll. Serv., Inc.,* No. 7:09–cv–605, 2010 WL 2605048, *4 n. 3 (N.D.Ala. June 25, 2010) (same). Therefore, if an individual bringing suit does not qualify as a consumer under 15 U.S.C. § 1692c, courts should dismiss the case for lack of standing. *See Johnson,* 374 Fed. Appx. at 874; *Montgomery,* 346 F.3d at 696–97; *Deuel,* 700 F.Supp.2d at 1312. As noted above, dismissal on this ground must be made without prejudice. *DiMaio,* 520 F.3d at 1303.

The undersigned concludes that Plaintiff lacks standing to bring her claims under § 1692c(a)(2) because she does not qualify as a "consumer." Plaintiff's complaint indicates she does not own the parcel of

---

**3.** Plaintiff's lawsuit is solely premised on violations of § 1692c(a)(2) because Plaintiff only complains about Defendant contacting her directly instead of her attorney. (Complaint ¶¶ 27–28).

property on which Defendants have sought HOA fees because her company owns the parcel. (Complaint ¶ 18; Letter dated Nov. 23, 2009, in Doc. 1–1). These facts demonstrate that Plaintiff is not obligated to pay the debt. Also, Plaintiff has alleged that Defendants were aware that Plaintiff did not own the land. (Complaint ¶ 21). As such, this allegation demonstrates that Plaintiff is not allegedly obligated to pay this debt. As neither a person obligated to pay the homeowner's association fees nor the person allegedly obligated to pay the HOA fees, Plaintiff has not alleged facts to show that she is a "consumer." Since she is not a "consumer," Plaintiff does not have standing to bring claims under § 1692c.

Accordingly, the undersigned **RECOMMENDS** that the District Court *sua sponte* **DISMISS WITHOUT PREJUDICE** Plaintiff's civil action because Plaintiff lacks standing to bring claims under § 1692c(a)(2). In the event that the District Court disagrees with this recommendation, the undersigned addresses the merits of Defendants' motion to dismiss.[4]

### B. Maintenance Fees and Consumer Debt

Defendants argue that the FDCPA does not apply because the maintenance fees at issue here are not consumer debts in that the fees do not arise out of transactions for personal, family, or household purposes. [Doc. 4 at 6–7]. Defendants also contend that the FDCPA does not apply because the debt arose from Plaintiff's company, not Plaintiff. [*Id.* at 7].

Plaintiff asserts that Defendants were attempting to collect a debt because the Eleventh Circuit broadly defines "debt." [Doc. 7 at 11]. Plaintiff also asserts that

courts have determined that HOA assessments are debts under the FDCPA. [*Id.* at 12]. Plaintiff contends that as a member of RYF, LLC, she has no personal liability for the homeowner's association for any assessment, so Defendants' attempt to collect the debt from her renders them liable under the FDCPA. [*Id.* at 12–14].

Defendants reply that the Eleventh Circuit's broad definition of "debt" does not encompass a bill for maintenance and infrastructure improvements. [Doc. 8 at 10–11]. They further argue that because the debt is a commercial debt and the letter was directed to Plaintiff in her capacity as a representative of her company, the FDCPA does not apply. [Doc. 8 at 3–4]. Defendants point to the following facts as indicating that the debt belonged to Plaintiff's company. First, Defendants note that the letter was sent to the address of Plaintiff's company. [*Id.* at 4]. Second, Defendants observe that the letter was addressed to the homeowner, and the complaint indicates that Plaintiff's company owns the parcel, not Plaintiff. [*Id.* at 4–5]. Third, Defendants note that the letter and accompanying statement referred to the debt of Plaintiff's company. [*Id.* at 5–6].

Defendants next reply that Plaintiff's allegations are consistent with lawful conduct, *i.e.*, sending the bill to the company's address and addressed to the company's agent. [*Id.* at 7–8]. Under *Iqbal* and *Twombly*, Defendants assert that Plaintiff therefore cannot state a claim because this possibility of lawful conduct demonstrates that the complaint does not possess enough heft to show that Plaintiff is entitled to relief. [*Id.* at 8]. Finally, defendants reply that the least sophisticated

---

**4.** If the District Court agrees with this recommendation, the Court should not examine the merits of Defendants' arguments. *See DiMaio*, 520 F.3d at 1303 (vacating district court's alternative holdings that reached the merits where the court was without subject matter jurisdiction due to plaintiff's lack of standing).

consumer would not be misled by the letter because such a person would know that she was not the homeowner and therefore that the debt was not hers. *[Id.* at 8–9]. Defendants also distinguish the instant case from *Jeter* because Defendants only performed the single act of sending a letter to Plaintiff as an agent of her company. *[Id.* at 9–10].

Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). In other words, "the statutory language [of the FDCPA] ... limits application of the FDCPA to debts arising from *consumer* transactions." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998) (emphasis in original). A debt collector's "assertion that [a plaintiff] is obligated [to pay a debt] as a result of a consumer transaction suffices to bring the obligation within the ambit of the FDCPA." *Brown v. Budget Rent–A–Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997). Thus, "the FDCPA applies only to consumer debts and obligations; it does not apply to transactions having a business or commercial purpose." *Booth v. Mee, Mee & Hoge, P.L.L.C.*, No. 07–cv–1360, 2010 WL 988473, *3 (W.D.Okla. Mar. 15, 2010) (citing *Beaton v. Reynolds, Ridings, Vogt and Morgan, P.L.L.C.*, 986 F.Supp. 1360, 1361 (W.D.Okla.1998)).

To "determin[e] whether a debt is a consumer debt, it is necessary to look at the transaction as a whole, paying particu-

lar attention to the borrower's purpose n obtaining the credit." *Hepsen v. J.C. Christensen and Assocs., Inc.*, No. 8:07–cv–1935, 2009 WL 3064865, *3 (M.D.Fla. Sept. 22, 2009) (citing *Slenk v. Transworld Sys.*, 236 F.3d 1072, 1075 (9th Cir.2001)). "An important factor in deciding whether a debt was incurred for primarily for personal, family, or household purposes is whether the debt was incurred in a personal capacity." *Id.* (citing *Hansen v. Ticket Track, Inc.*, 280 F.Supp.2d 1196, 1204 (W.D.Wash.2003)). Courts have concluded that "condominium assessments and analogous fees constitute 'debts' under the FDCPA." *Williams v. Edelman*, 408 F.Supp.2d 1261, 1267 (S.D.Fla.2005) (citing district and circuit court cases).[5]

The undersigned concludes that the HOA fees in this case do not constitute a "debt" under the FDCPA. Although this conclusion is in tension with the *Williams, supra,* case and the cases cited therein, the factual allegations of this case require a different conclusion from *Williams.* The factual allegations demonstrate that Plaintiff's company owns the parcel of land, and Defendants were aware of this ownership. (Complaint ¶¶ 18, 21). The homeowner's association through Defendants sought payment of HOA fees from the owner of the land. (*See* Letter dated Nov. 13, 2009; Complaint ¶¶ 19, 25). The debt therefore arose out from Plaintiff's company's failure (or refusal) to pay the fees. Thus, the homeowner's fees are not the result of a consumer transaction and they do not arise from personal, family, or household purposes, but instead are the result of a debt allegedly incurred by Plaintiff's business. As such, the HOA fees being sought in this case do not constitute a "debt"

---

5. Defendants assert that the *Williams* case does not assist Plaintiff because the condominium fees discussed in that case "differ from the fees at issue in this case because they relate to a natural person's 'personal

residence,' unlike here, where the fees relate to roads and infrastructure that benefit RYF Enterprises' real estate investment." [Doc. 8 at 11 n. 7 (citing *Williams*, 408 F.Supp.2d at 1268).

under the FDCPA because they necessarily arose from a business transaction, namely Plaintiff's company's nonpayment of the HOA fees.

The undersigned is unpersuaded by Plaintiff's argument that Defendants are still liable because they attempted to collect the debt from the wrong individual. Plaintiff is correct that a non-debtor may bring certain FDCPA claims against a debt collector. *See Wagstaff v. U.S. Dep't of Edu.*, 509 F.3d 661, 663 (5th Cir.2007) (The FDCPA "is intended to protect both debtors and non-debtors from misleading and abusive debt-collection practices.") (citing 15 U.S.C. § 1692(e)); *Meadows v. Franklin Coll. Serv., Inc.*, No. 7:09–cv–605, 2010 WL 2605048, *4 n. 3 (N.D.Ala. June 25, 2010); *Jeter*, 2010 WL 2025213 at *3 (citing cases "in which courts have confirmed that non-debtors may assert claims under the FDCPA"). However, Plaintiff's reliance on the *Jeter* case is misplaced. Here, Plaintiff alleges that Defendants solely violated the FDCPA by directly contacting her instead of her attorney in violation of 15 U.S.C. § 1692c(a)(2). (Complaint ¶¶ 27–28). The *Jeter* case noted that § 1692c only allowed claims by "consumers," but indicated that the plaintiff in *Jeter* cited to provisions that did not contain this consumer limitation, namely 15 U.S.C. §§ 1692d, 1692e, 1692f. *Jeter*, 2010 WL 2025213 at *2. Since these provisions were not confined to "consumers," the *Jeter* Court found that "there is no basis in the statute for imposing a general requirement for the assertion of claims under Sections 1692d, 1692e, and 1692f that the plaintiff be the actual debtor targeted by the defendant debt collector." *Id.* As such, the *Jeter* Court allowed the plaintiff, a non-debtor, to bring FDCPA claims under §§ 1692d, 1692e, 1692f. *Id.* at *2–3. Plaintiff in this case has brought claims solely under § 1692c, so *Jeter* is of no assistance and appears to discredit her argument by noting that § 1692c only ap-plies to "consumers." As discussed above in the section of this Report and Recommendation relating to standing, Plaintiff is not a "consumer," so she cannot bring claims under § 1692c. That the FDCPA allows non-debtors to bring claims under certain provisions of the FDCPA is therefore irrelevant to Plaintiffs' § 1692c(a)(2) claims.

*C.  Debt Collector*

Defendants argue that they do not qualify as debt collectors because they were not attempting to collect a debt that was in default at the time it was obtained. [Doc. 4 at 5]. Defendants point to the letter Lewis sent to Plaintiff, which stated that the account was not overdue. [*Id.* at 5–6]. Plaintiff responds that Defendants are debt collectors because under the least sophisticated consumer standard, the statement attached to the letter showing a previous balance for 2008 indicates that Plaintiff was in default. [Doc. 7 at 10]. Defendants again emphasize that they are not debt collectors because the debt was not in default when they obtained it given their status as managers of the association, so it does not matter if the debt was in default by the time Plaintiff received the letter. [*Id.* at 11–13].

A "debt collector" is defined under the FDCPA as any person who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *Warren v. Countrywide Home Loans, Inc.*, 342 Fed.Appx. 458, 460 (11th Cir.2009). Thus, "[t]he FDCPA applies only to 'debt collectors' seeking satisfaction of 'debts' from 'consumers'; it does not apply to 'creditors.'" *McKinney v. Cadleway Props.*,

*Inc.*, 548 F.3d 496, 500 (7th Cir.2008). The definition of debt collector also contains several exclusions, one of which is relevant to this case:

.... The term [debt collector] does not include—

...

**(F)** any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person....

15 U.S.C. § 1692a(6)(F)(iii).

The undersigned concludes that Defendants are not "debt collectors" because Plaintiff's complaint fails to establish that the debt in question was in default at the time of Defendants' acquired the debt. Plaintiff has alleged that IPM Corp and its employee, Lewis, managed the homeowner's association beginning in January 2004. (Complaint ¶ 19). As such, Defendants' status as managers of the HOA indicates that the fees they sought to collect on behalf of the association were not in default at the time Defendants attempted to collect the HOA fees. *See Azar v. Hayter*, 874 F.Supp. 1314, 1319 (N.D.Fla. 1995). As for Defendants attempt to collect the 2009–2010 maintenance fees, Defendants' letter clearly indicated that this assessment was not in default. (*See* Letter dated Nov. 13, 2009, in Doc. 1 at Exh. 1). As for the statement indicating that there was a previous unpaid balance of $1,767.40, this notation does not indicate that Defendants acquired the debt when it was past due, and Plaintiff has made no allegation that Defendants acquired the debt when it was past due. Instead, Defendants' status as managers of the homeowner's association since January 2004 indicates that it was not past due when Defendants acquired the right to collect the balance. Given the " 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer," *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 129 S.Ct. at 1951), the undersigned concludes that Plaintiff has not alleged sufficient facts to demonstrate that Defendants were "debt collectors" under the FDCPA.[6]

Accordingly, the undersigned alternatively **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** because Defendants were not "debt collectors" and did not attempt to collect a "debt" for purposes of the FDCPA.

### Conclusion

For the reasons outlined above, the undersigned **RECOMMENDS** that Plaintiff's civil action *sua sponte* be **DISMISSED WITHOUT PREJUDICE** because Plaintiff lacks standing to bring claims under 15 U.S.C. § 1692c(a)(2). Alternatively, if the District Court disagrees with this conclusion, the under-

**6.** The undersigned also notes that Plaintiff's argument relating to the least sophisticated consumer is misplaced. The courts in the Eleventh Circuit "employ the 'least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010). The determination of whether an entity qualifies as a debt collector under the FDCPA is separate from the issue of whether a debt collector's communication violates the FDCPA. The least sophisticated consumer analysis applies to the latter inquiry, not to the issue that the Court has been asked to resolve, namely whether an entity is a debt collector. State differently, courts do not evaluate whether an entity is a debt collector from the least sophisticated consumer's perspective, but instead look to whether the entity falls meets the requirements of a "debt collector" under the FDCPA's definition.

signed **RECOMMENDS** that Defendants' motion to dismiss, [Doc. 4], be **GRANTED.** The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED,** this 17th day of December, 2010.